ADAM GORDON
United States Attorney
SHANE P. HARRIGAN
Assistant United States Attorney
California Bar No. 115757
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone:(619) 546-6981
Email: shane.harrigan@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOWDA AHMED MOHAMUD,<br>　　aka "Sawda Ahmed,"<br>　　aka "Saynab Ahmed,"<br>　　aka "Sawda Kahiye,"<br>　　aka "Sowda Khiye,"<br><br>　　　　　Defendant. | Case No.: 25cr2049-W<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Shane P. Harrigan, Assistant United States Attorney, and defendant, SOWDA AHMED MOHAMUD, aka "Sawda Ahmed," aka "Saynab Ahmed," aka "Sawda Kahiye," aka "Sowda Khiye," ("Defendant") with the advice and consent of Meagan Nettles, Federal Defenders, Inc., counsel for defendant, as follows:

//

//

//

Def. Initials  Sm

I

**THE PLEA**

A. <u>THE CHARGE</u>. Defendant agrees to plead guilty to Counts 1 through 3 of the Indictment charging that:

Count 1

On or about December 14, 2024, within the Southern District of California, Defendant did knowingly present to the Department of Justice, Executive Office for Immigration Review ("EOIR"), a Form I-589, Application for Asylum and for Withholding of Removal, which is an application required under United States immigration laws and regulations prescribed thereunder, and said application contained material statements made under penalty of perjury, to wit:

(1) that Defendant had never previously applied for lawful status in any country, when in truth and in fact, defendant MOHAMUD knew then and there that:

   (a) she had previously applied to the United Kingdom for status as a spouse of a European Economic Area National on or about March 25, 2021;
   (b) she had previously applied to the United States for status under the Diversity Immigrant Visa Program, also known as the green card lottery, for the calendar years 2022, 2023, and 2024; and
   (c) she had previously applied to Brazil for asylum/refugee status on or about February 1, 2024;

(2) that Defendant provided the full names, places of birth, and current locations of all her known siblings, when in truth and in fact, defendant MOHAMUD knew then and there that she had failed to list her biological sister, M.A.M., aka "Kuka," who was residing in the United States, pending a resolution of her own immigration related application;

all in violation of Title 18, United States Code, Section 1546(a).

Count 2

On or about December 17, 2024, within the Southern District of California, Defendant in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the Department of Justice, EOIR, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, in that defendant testified, under penalty of perjury, to the Honorable Ana L. Partida, Immigration Judge, that she did

2

Def. Initials S M

25CR2049

not have any other biological siblings other than those siblings listed in her Form I-589, Application for Asylum and for Withholding of Removal, in violation of Title 18, United States Code, Section 1001(a)(2).

### Count 3

On or about January 21, 2025, within the Southern District of California, Defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the Department of Justice, EOIR, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, in that defendant testified, under penalty of perjury, to the Honorable Ana L. Partida, Immigration Judge, that:

(1)  she had not previously applied for status in the United Kingdom;
(2)  she had not previously applied for status in the United States; and
(3)  she had not previously applied for asylum in any country;

all in violation of Title 18, United States Code, Section 1001(a)(2).

## II

### NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offenses to which defendant is pleading guilty has the following elements:

    1.  Elements of Count 1 – 18 U.S.C. § 1546(a), False Statement on Immigration Document

        a.  Defendant subscribed as true a false statement;

        b.  Defendant acted with knowledge that the statement was untrue;

        c.  The statement was material to the activities or decisions of the Department of Justice, Executive Office for Immigration Review ("EOIR"); that is, it had a tendency to influence, or was capable of influencing, the agency's decisions or activities;

        d.  The statement was made under penalty of perjury; and

        e.  The statement was made on an application required by immigration laws or regulations.

2. Elements of Counts 2 and 3 –18 U.S.C. § 1001(a)(2) – False Statements

    a. the defendant made a false statement;

    b. the statement was made in a matter within the jurisdiction of the EOIR;

    c. the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that her conduct was unlawful; and

    d. the statement was material to the decisions or activities of the Department of Justice, EOIR; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about December 14, 2024, in San Diego County, Defendant submitted a Form I-589, Application for Asylum and for Withholding of Removal, signed under penalty of perjury to the United States Department of Justice, Executive Office for Immigration Review.

2. The Form I-589 is an application required by the immigration laws and regulations to apply for asylum and withholding from removal within the United States.

3. The Form I-589 requires an Applicant to list information about all their parents and siblings, including full name, city/country of birth, and current location, which defendant completed by claiming she only had four siblings, namely, two brothers and two sisters.

4. The following question was also on Form I-589, which defendant completed: "*Have you, your spouse, your children, or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum.*" Defendant responded "Yes" but only listed her sister, S.A.M., as having been granted residency in the United Kingdom.

4                                                Def. Initials SM
                                                            25CR2049-W

5. On or about December 17, 2024, and January 21, 2025, at immigration court hearings in San Diego, California to determine Defendant's eligibility for asylum and withholding from removal, a matter within the jurisdiction of the Department of Justice, Executive Office of Immigration Review, Defendant testified under penalty of perjury before the Honorable Ana L. Partida, Immigration Judge.

6. On or about December 17, 2024, Defendant testified that she did not have any other biological siblings other than those she listed in her Form I-589.

7. On or about January 25, 2025, Defendant testified that: (a) she had not previously sought lawful status in the United Kingdom; (b) she had not previously asked for status in the United States; and (c) she had not previously sought asylum in any of the countries that she traveled through before arriving in the United States.

8. Defendant knew that her statements in her Form I-589 and her testimony before Immigration Judge Partida that Defendant had listed all of her siblings in her Form I-589 and she had no other known siblings was untrue and that, in truth and in fact, Defendant had intentionally omitted listing her biological sister, M.A.M., who was residing in the United States, pending a resolution of her own immigration related application.

9. Defendant knew that statements in her Form I-589 and her testimony before Immigration Judge Partida testimony that Defendant had never previously applied for lawful status in another country were untrue and that, in truth and in fact, (a) on or about March 25, 2021, Defendant had applied to the United Kingdom for a UK Family Visa, claiming that she was a spouse of a European Economic Union National; (b) Defendant had previously applied to the United States for status under the Diversity Immigrant Visa Program, also known as the green card lottery, on three occasions for the calendar years 2022, 2023 and 2024; and (c) approximately seven weeks prior to arriving in the United States, on or about February 1, 2024, Defendant had applied to Brazil for asylum/refugee status.

10. The United States can prove beyond a reasonable doubt that the false statements in Defendant's Form I-589 and her sworn testimony before Immigration Judge Partida were material to the activities or decisions of the Department of Justice, EOIR as evidenced, in part, by

the statements of Immigration Judge Partida at a February 11, 2025, hearing.

11. At the February 11, 2025 hearing, before Defendant was to continue to testify, Judge Partida advised Defendant of the consequences of providing false statements under oath, stating in part, "*there are some serious concerns for the court not only as to your credibility but as to potential bars related to a previous asylum filing.*" Following that admonition, Defendant withdrew her Application for Asylum and Withholding of Removal and requested a voluntary departure from the United States. Immigration Judge Partida denied Defendant's request for voluntary departure stating "*I think there is ample evidence that [Defendant] provided false statements to this Court.* Judge Partida then provided an example of Defendant's false statements, stating, "*I know initially [Defendant] was asked very straight forwardly by the Department, 'Did you apply for asylum or any other protection in any of the countries you traveled to?' [Defendant] said 'No'.*" Based on the fact that Defendant had provided false information to the Court, Judge Partida then dismissed Defendant's Application for Asylum and Withholding with prejudice and ordered Defendant removed.

## III

## **PENALTIES**

Defendant understands that each crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 10 years in prison as to Count 1, and a maximum 5 years in prison each for Counts 2 and 3, for a total maximum term of imprisonment of 20 years;

B. a maximum $250,000 fine as to each count;

C. a mandatory special assessment of $100.00 per count; and;

C. a term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

6

Def. Initials S M
25CR2049-W

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

7

Def. Initials S M
_____25CR2049-W

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

8

Def. Initials *SM*
25CR2049-W

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

|    |                                                                  |    |
|----|------------------------------------------------------------------|----|
| 1  | X                                                                |    |
| 2  | **PARTIES' SENTENCING RECOMMENDATIONS**                          |    |

A. <u>SENTENCING GUIDELINE CALCULATIONS</u>

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

    1.  **Base Offense Level**

- **Count 1 (18 U.S.C. § 1546(a)**
  BOL [USSG § 2L2.2(a)]                                          8

- **Counts 2 and 3 (18 U.S.C. 1001(a)(2))**
  BOL [USSG § 2B1.1(c)(3) cross-reference
  to guidelines for § 1546]                                      8

**Total BOL** [USSG § 3D1.2]                                     8

    2.  **Adjustment for Zero-Point Offender**
[USSG § 4C1.1]                                                  -2

    3.  **Acceptance of Responsibility** [§ 3E1.1]        -2

    4.  **Adjusted Offense Level**                         4

**The parties further agree and recommend immediate sentencing upon specific findings by the Court that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553 without a presentence investigation and report or criminal history report.**

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.2 above, the Government will not recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant materially breaches this plea agreement by any of the following:

1.  Fails to truthfully admit a complete factual basis for the plea at the time it is entered, or

2.  Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3.  Falsely denies prior criminal conduct or convictions; or

4.  Fails to appear in court, or

5.  Engages in additional criminal conduct, or

6.  Attempts to withdraw the plea, or

7.  Fails to abide by any lawful court order, or

8.  Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.  ADJUSTMENTS; DEPARTURES; AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553, and that the Government may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section X, paragraph A above.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category.

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend defendant be sentenced to a time served sentence.

G.  SPECIAL ASSESSMENT

The parties will jointly recommend that the special assessment in the amount of $100.00 be waived as it is clear defendant has no assets or monies to pay an assessment regardless of the amount.

H.  SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least two-thirds of his term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

I.  IMMIGRATION CONSEQUENCES

Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction may have adverse immigration consequences. Defendant agrees that defendant's attorney has told defendant this and defendant still wants to plead guilty.

J.  FINE

The parties will not recommend that a fine be paid in this case.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful

restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, unless the Court imposes a custodial sentence above the high end of the guideline range (pursuant to USSG § 5G1.1) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise, the objection will be deemed waived and cannot be raised on appeal.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, the reasons set forth in section X.B. above, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## XII

### CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since

13                               Def. Initials SM
                                 _____25CR2049-W

defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

## XIII

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//

XVI

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his counsel did not advise him about what to say in this regard.

ADAM GORDON
United States Attorney

DATED: July 10, 2025

_/s/ Shane P. Harrigan_
SHANE P. HARRIGAN
Assistant U.S. Attorney

DATED: 7/9/2025

_/s/ Meagan Nettles_
MEAGAN NETTLES
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED: 7-9-2025

_Sawda_
SOWDA AHMED MOHAMUD
Defendant

15

Def. Initials SM
25CR2049-W